**William J. KEEFE and Randy J. Keefe, Plaintiffs–Appellants,**

v.

**MARQUETTE COUNTY, et al., Defendants–Appellees.**

No. 01–3675.

United States Court of Appeals, Seventh Circuit.

Submitted March 20, 2002.*

Decided March 20, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argu-

Before BAUER, KANNE, and WOOD, Circuit Judges.

## ORDER

A contract dispute involving logs and a bulldozer led to this suit charging civil rights violations. We affirm its dismissal.

This suit is the latest chapter in a series of disputes stemming from a failed business venture between William and Randy Keefe and their once attorney and business advisor, Ronald Arthur. *See, e.g., Arthur v. Keefe,* Nos. 98–2301, 98–2302, 2001 WL 170891 (Wis.Ct.App. Feb.22, 2001); *Arthur v. Keefe,* No. 98–1897, 1999 WL 997698 (Wis.Ct.App. Nov.4, 1999). The Keefes, through their corporation Statewide Log and Lumber Co., entered into a series of timber purchase and sale contracts with Arthur and two of his corporations. In those contracts, Statewide agreed to cut, skid, and merchandise timber from land owned by Arthur. The business relationship eventually soured, and Arthur asked the Keefes to turn over logs they were holding at their sawmill site and a bulldozer he had permitted them to use. When the Keefes refused, Arthur contacted the Marquette County, Wisconsin, sheriff's department. Deputy Campion went to the Keefes sawmill site to investigate, and after Randy refused to allow Arthur access to the logs and refused to disclose the location of the bulldozer, Deputy Campion briefly detained him on charges of theft and obstruction. Arthur subsequently removed the logs and retrieved the bulldozer. No formal charges were ever filed against Randy. Over four years later, the Keefes brought this suit against Marquette County, various Marquette County officials, and Deputy Campion, alleging unlawful arrest and unlawful seizure under 42 U.S.C. § 1983, a conspiracy under 42 U.S.C. § 1985, and malicious prosecution under state law. The parties consented to proceed before a magistrate judge, who ultimately granted summary judgment for the defendants on the § 1983 and § 1985 claims and declined

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed.

R.App. P. 34(a)(2).

to exercise supplemental jurisdiction over the malicious prosecution claim.

In their appellate brief the Keefes spend considerable time discussing an order issued by Judge Barbara Crabb in a separate civil rights suit they filed in the Western District of Wisconsin. That suit involved similar allegations but different defendants (including Arthur). According to the Keefes, Judge Crabb made factual findings in that suit that demonstrate that they are entitled to judgment in this suit. Insofar as we can discern, the Keefes' principal argument on appeal seems to be that the defendants in this case should have been estopped from denying liability.

This argument is meritless. Judge Crabb did not have occasion to determine the liability of the defendants in this case—they were not even parties to that suit. Nor did Judge Crabb have occasion to make factual findings that would bear on the defendants' liability in this suit. In the order the Keefes rely on, Judge Crabb granted a motion to dismiss the Keefes' complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6), and in doing so she summarized the Keefes' allegations and stated that those allegations had to be taken as true. The Keefes read the judge's acceptance of those facts as true for purposes of Rule 12(b)(6) as a determination that they indeed *are* true and, thus, no longer subject to dispute. This is incorrect. Judge Crabb did not—nor did she have the power to—make factual findings in ruling on that motion to dismiss. *See Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir.2001) (noting that "[t]he reason why judges accept a complaint's factual allegations when ruling on a motion to dismiss under Rule 12(b)(6) is that a motion to dismiss tests the legal sufficiency of a pleading"). Judge Crabb's order simply has no relevance to this case.

What the Keefes should be arguing on appeal is that they demonstrated a triable issue of material fact and therefore the magistrate judge erred in entering summary judgment for the defendants. *See Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir.2001). But they do not. The Keefes do not point to any error in the magistrate judge's order granting summary judgment, nor do they otherwise direct our attention to any material factual dispute. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001) (court will not craft arguments for pro se litigant); *Patrick v. Jasper County*, 901 F.2d 561, 566 (7th Cir.1990) (same). Instead, they detail at length their ongoing dispute with Arthur, discuss their belief that Arthur has Russian mafia connections and used their business as a money-laundering front, and make only conclusory arguments in support of their claims. In short, the Keefes have given us no reason to disturb the magistrate judge's judgment; therefore, we AFFIRM.